IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                          Case No. 4:01-cr-40021-001

FRED BRADLEY                                                      DEFENDANT

### ORDER

Before the Court is Defendant Fred Bradley's Motion to Reduce Revocation Sentence Pursuant to the First Step Act of 2018. (ECF No. 59). The Government has responded. (ECF No. 66). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On January 18, 2002, Defendant pleaded guilty to the charge of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). On January 15, 2002, the Court[1] sentenced Defendant to 188 months of imprisonment, 5 years of supervised release, a $100 special assessment, and a $1,000 fine.

Defendant served his term of incarceration. On August 25, 2015, he was released from prison and began his five-year term of supervised release. On October 25, 2017, while still on supervised release, Defendant was named in an eleven-count indictment in the Western District of Arkansas, Texarkana Division, and was charged with several felony narcotics offenses.[2] Defendant was ultimately charged with one count of conspiracy to distribute MDMA, cocaine, and methamphetamine, and four counts of use of a communication facility to commit, cause or

---

[1] The Honorable Harry F. Barnes presided over this case at the time.

[2] Case No. 4:17-cr-40014-SOH.

facilitate a felony drug offense. On November 2, 2017, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision in this case, in connection with the newly filed charges against Defendant. On May 17, 2018, Defendant pleaded guilty to one count of conspiracy to distribute MDMA, cocaine, and methamphetamine. On July 25, 2019, the Court sentenced Defendant to sixty-three months of imprisonment and a three-year term of supervised release for that offense.

Also on July 25, 2019, the Court held a revocation hearing in this case, where Defendant admitted to violating the terms of his supervised release. The Court revoked Defendant's supervision and sentenced him to forty-one months of imprisonment, to be served consecutively to the term of imprisonment imposed in case number 4:17-cr-40014-SOH, with no term of supervised release to follow.

On February 10, 2020, Defendant filed a *pro se* motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018 (the "FSA"). The Court appointed the Federal Public Defender to represent Defendant with respect to the motion. On March 20, 2020, Defendant's counsel filed a supplement to the motion.[3] (ECF No. 65). Defendant asks for a reduction of his revocation sentence pursuant to the FSA. The government opposes the motion.

## II. DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is when a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The FSA expressly allows courts to reduce sentences imposed for certain offenses. First Step Act, §§ 404(a-b). However, courts may only

---

[3] The supplement was filed as a separate motion for FSA relief. Accordingly, this order will address both Defendant's initial motion and the supplemental "motion."

2

reduce a sentence pursuant to the FSA if certain requirements are met. *See United States v. Brown*, No. 02-101 (JRT), 2019 WL 4888675, at *2 (D. Minn. Oct. 3, 2019).

The FSA's strict contours are tied to a previous sentencing reform measure, the Fair Sentencing Act of 2010, which reduced the disparity in sentencing between offenses involving crack and powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (codified at 21 U.S.C. § 841(b)(1)). The Fair Sentencing Act "increased the amount of crack cocaine needed to trigger certain statutory mandatory minimums" for importation and distribution offenses and "eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine." *United States v. Spencer*, No. CR071741JRTJJG, 2019 WL 3369794, at *1 (D. Minn. July 26, 2019). These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who committed a crack cocaine offense before August 3, 2010 but were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). However, the Fair Sentencing Act was not applied retroactively. *United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011). Thus, defendants sentenced for specific crack cocaine offenses after the passage of the Fair Sentencing Act were subject to shorter terms of imprisonment, while defendants sentenced for those same crimes before the Fair Sentencing Act's passage were not entitled to a sentence reduction.

The FSA remedies this discrepancy and allows courts to apply the Fair Sentencing Act retroactively, but only if a defendant was convicted of a "covered offense." First Step Act, § 404(b). The FSA defines a "covered offense" as an offense (1) whose penalty was modified by Fair Sentencing Act and (2) that was committed before the passage of the Fair Sentencing Act. *Id.* at § 404(a). "In short, for [the FSA] to be applicable, a defendant must have committed a specific offense involving crack cocaine before August 3, 2010." *United States v. Perez*, No. CR 18-134

(JRT), 2020 WL 43008, at *2 (D. Minn. Jan. 3, 2020). However, a sentence reduction under the FSA is completely discretionary, even for an eligible defendant, as "[n]othing in [the FSA] shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c).

"A court considering a motion for a reduced sentence under [the FSA] proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under [the FSA]. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). The Court will now answer these questions in turn.

**A. Eligibility for FSA Relief**

Defendant's case is unlike that of most criminal defendants who typically seek FSA relief. He served the full term of imprisonment for his underlying crack cocaine offense, was released from prison, subsequently violated the terms of his supervised release, and is now serving a revocation sentence. Thus, a question arises as to whether Defendant is eligible for FSA relief.

The government contends that Defendant is ineligible for FSA relief because his revocation sentence is distinct from his crack cocaine sentence. Therefore, the government argues that the FSA does not apply to Defendant because he is not currently incarcerated for a "covered offense," as contemplated by the FSA. Defendant argues that he is still eligible for FSA relief because his revocation sentence is considered part of his underlying crack cocaine offense, and thus, he is currently serving a "covered offense" sentence.

The Court agrees with Defendant. As stated above, the FSA allows for a sentence reduction for a "covered offense," which "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was

4

committed before August 3, 2010." First Step Act, § 404(a). Defendant originally pleaded guilty and was sentenced for distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). There seems to be no dispute that this offense is a covered offense under the FSA, so the Court finds that it is. However, the issue becomes whether Defendant's current revocation sentence is considered part of the penalty for the underlying covered offense or if it must be viewed separately. "[S]upervised release punishments arise from and are "treat[ed] . . . as part of the penalty for the initial offense." *United States v. Haymond*, ___ U.S. ___, 139 S. Ct. 2369, 237-80 (2019); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) (stating that "postrevocation penalties relate to the original offense"). Thus, "whether that [supervised] release is later revoked or sustained, it constitutes a part of the final sentence for [a] crime." *Haymond*, 139 S. Ct. at 2380.

Defendant's current revocation sentence stems from his underlying crack cocaine offense, which is a "covered offense" under the FSA. Defendant's revocation sentence is treated as part of the penalty for his underlying offense, and thus, he is still serving a sentence for a "covered offense" for purposes of the FSA. *See, e.g.*, *United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020); *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). Accordingly, the Court finds that Defendant is eligible for FSA relief.

### B. Request for a Sentence Reduction

The fact that Defendant is eligible for FSA relief does not end the inquiry. The Court must also decide whether to award a sentence reduction under the FSA.

The government argues that no reasonable sentencing objective would be served by reducing Defendant's original crack cocaine sentence to allow Defendant to receive "banked time" credit against his current revocation sentence. Although Defendant does mention that an

"overserved" prison term yields credit that can be applied to a subsequent revocation sentence (ECF No. 65, p. 8), this does not appear to be the relief he seeks. He instead asks the Court to reduce his revocation sentence, not his underlying crack cocaine sentence, in recognition of the fact that he overserved his hypothetical post-FSA guideline range for his original crack cocaine offense. He contends that such a reduction would be appropriate and consistent with the purposes of the Fair Sentencing Act and the FSA.[4]

The Court finds Defendant's argument unpersuasive. As previously stated, a sentence reduction under the FSA is completely discretionary, even for an eligible defendant, as the FSA provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c). Although Defendant cites to cases for the proposition that he is eligible for FSA relief, he does not cite to any authority granting FSA relief under similar circumstances. Rather, most cases the Court is aware of have denied FSA sentence-reduction requests made by defendants who have served their underlying crack cocaine sentences and are presently serving revocation sentences. *See, e.g.*, *Woods*, 949 F.3d at 938 (affirming a district court's denial of an FSA motion filed by a defendant serving a revocation sentence); *United States v. Reeves*, No. 6:02-CR-70045, 2019 WL 6792778, at *4 (W.D. Va. Dec. 12, 2019); *United States v. Dennison*, No. 4:05-CR-00889-TLW-1, 2019 WL 6726311, at *2 (D.S.C. Dec. 11, 2019), *appeal docketed*, No. 20-6025 (4th Cir. Jan. 6, 2020); *United States v. Moore*, No. 1:06CR564, 2019 WL 6337279, at *3 (N.D. Ohio Nov. 27, 2019); *United States v. Green*, No. 606CR197ORL28DCI, 2019 WL 5328695, at *2 (M.D. Fla. Oct. 21, 2019), *appeal docketed*, No. 19-14421 (11th Cir. Nov. 5, 2019). The Court is aware of one instance where a district court granted a revocation-sentence prisoner's FSA request because the maximum revocation sentence

---

[4] Even if Defendant's position was as the government characterizes it, the following analysis would not change.

6

had been reduced. *United States v. Bailey*, No. 7:08-cr-00008, 2019 WL 6534157, at *2 (W.D. Va. Dec. 4, 2019). Defendant states that he is not arguing that he overserved a maximum sentence, so the Court finds that case inapposite.

When the Court imposes a revocation sentence, it must consider certain factors under 18 U.S.C. § 3583(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." *United States v. Franklin*, 397 F.3d 604, 607 n.3 (8th Cir. 2005). "Accepting Defendant's argument would undermine the purpose of supervised release, because it would impair a court's ability to sanction defendants for violating the terms of release." *Reeves*, 2019 WL 6792778, at *4 (internal quotation marks omitted); *cf. United States v. Lucas*, No. 5:03-CR-30095, 2019 WL 6719496, at *6 (W.D. Va. Dec. 10, 2019) ("[I]f prisoners entitled to First Step Act relief were allowed to 'bank' time on overserved sentences to offset terms of incarceration following revocation of supervised release, it would provide a disincentive to obey the terms of supervised release."), *appeal docketed*, No. 19-7857 (4th Cir. Dec. 16, 2019). "To permit a criminal defendant to violate the terms of supervised release without threat of further punishment hamstrings the court from fashioning a sentence that 'reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense.'" *United States v. Venable*, No. 4:97CR70070-001, 2019 WL 6337419, at *2 (W.D. Va. Nov. 26, 2019) (citing 18 U.S.C. § 3553(a)(2)(A)). The Court does not believe that such a result is consistent with the federal sentencing scheme.

Defendant's particular violation of the terms of his supervised release also weighs against his request for a sentence reduction. Defendant was originally sentenced for a crack cocaine offense. While he was on supervised release, Defendant engaged in additional criminal conduct

7

and ultimately pleaded guilty to one count of conspiracy to distribute MDMA, cocaine, and methamphetamine. This violation of the terms of his supervised release involved, in part, cocaine, the same drug that put him in prison in the first place. Defendant's "post-conviction conduct demonstrates a disrespect for the trust this Court put in him and raises serious concerns regarding recidivism and the safety of those around him." *Green*, 2019 WL 5328695, at *2; *see also Moore*, 2019 WL 6337279, at *3.

In sum, the Court finds particularly significant the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Defendant. *See* 18 U.S.C. §§ 3553(a)(2)(B-C). The Court has considered Defendant's arguments regarding him overserving his post-FSA guideline range for the underlying crack cocaine offense, in addition to the purposes of the FSA and Fair Sentencing Act. However, the Court concludes that reducing Defendant's revocation sentence would undermine, rather than support, the above-mentioned sentencing considerations.

The Court believes that Defendant's term of incarceration provides a sentence that is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a). Accordingly, although the Court is authorized to afford Defendant relief under the FSA, the Court declines to exercise its discretion to do so.

### III. CONCLUSION

For the above-stated reasons, the Court finds that Defendant's motions (ECF Nos. 59, 65) should be and will be denied. A separate order shall issue denying the motions.

**IT IS SO ORDERED**, this 6th day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge